Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA GOODMAN,** <br><br> Plaintiff, <br><br> vs. <br><br> **NATIONAL CREDIT WORKS, INC.**, a corporation; **GREGORY G. EMMINGER,** an individual, <br><br> Defendant. <br> _____ | ) Case No. <br> ) <br> ) **COMPLAINT FOR VIOLATION** <br> ) **OF FEDERAL FAIR DEBT** <br> ) **COLLECTION PRACTICES ACT** <br> ) **AND ROSENTHAL FAIR DEBT** <br> ) **COLLECTION PRACTICES ACT** <br> ) <br> ) <br> ) <br> ) <br> ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq*. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Virginia Goodman ("Plaintiff"), is a natural person residing in Placer county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, National Credit Works, Inc. ("Defendant NCW") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant NCW regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5. At all relevant times herein, Defendant, Gregory G. Emminger ("Defendant Emminger") was owner of Defendant NCW.  As an officer, shareholder and/or director of Defendant NCW, Defendant Emminger was responsible for the overall success of the company. Defendant Emminger is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by

occupying a position of critical importance to Defendant NCW's business; as the owner of Defendant NCW, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant NCW's affairs and Defendant Emminger continued to play a key role in maintaining and expanding Defendant NCW's debt collection activities throughout the time in question.

## IV.  FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant NCW contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.     On average, Plaintiff received from Defendant, more than two collections calls per day, more than ten collections calls per week, and more than twenty collections calls per month.

8.     Defendant contacted Plaintiff at times and places that were known or should have been known to be inconvenient and with such a frequency as to constitute harassment under the circumstances.

9.     On more than one occasion, Defendant used alarming language and deceptive practices in connection with an attempt collect an alleged debt, falsely

claiming that immediate action would be taken against Plaintiff for failure to pay an alleged debt.

10. On more than one occasion, Defendant threatened that a legal action would be taken against Plaintiff for failure to pay an alleged debt including but not limited to, threats made in voicemails to Plaintiff claiming that Defendant would sign off of documents to be filed in Placer county, the county of Plaintiff's residence.

11. On more than one occasion, Defendant threatened that nonpayment of the alleged debt would result in the seizure of Plaintiff's income taxes and the involvement of the Sheriff's department.

12. Defendant falsely threatened Plaintiff with action that was not actually intended to be taken, including seizing Plaintiff's property and filing a lawsuit against Plaintiff, where, to date, no such actions have been taken.

13. On or about January 26, 2011, Plaintiff's counsel sent a letter informing Defendant that Plaintiff had been retained by counsel and to request that Defendant cease and desist from contacting Plaintiff directly.

14. Despite Plaintiff's counsel's efforts, Defendant continued to contact Plaintiff directly, including but not limited to, calls made on February 18, 2011, March 10, 2011, March 11, 2011, March 14, 2011, March 17, 2011, April 14, 2011, and April 15, 2011.

15. Defendant Oasis' conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));
   b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));
   c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));
   d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));
   e) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));
   f) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal Civ Code §1788.10(f));
   g) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));
   h) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));
   i) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)); and
   j) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where

Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2).

16. Defendant Emminger as owner of Defendant NWC is directly responsible for Defendant Oasis' violations.

17. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendants' conduct violated the FDCPA;
    B.    Actual damages;
    C.    Statutory damages;
    D.    Costs and reasonable attorney's fees; and,
    E.    For such other and further relief as may be just and proper.

# COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 23rd day of April, 2011.

By: s/Todd M. Friedman_____
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff