IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIRGINIA GOODMAN,  )
                   )   2:11-cv-01103-GEB-EFB
     Plaintiff,    )
                   )
     v.            )   ORDER RE: SETTLEMENT AND
                   )   DISPOSITION
NATIONAL CREDIT WORKS, INC., a  )
corporation; and GREGORY C.     )
EMMINGER, an individual,        )
                   )
     Defendants.   )
_____)

Plaintiff filed a "Notice of Settlement" on July 25, 2011, in which she states, "this case has settled[,]" and requests "sixty (60) days . . . to file dispositive documentation." (ECF No. 8, 1:19-20.)

Therefore, a dispositional document shall be filed no later than September 23, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Plaintiff also states in her "Notice of Settlement": "This Court shall retain jurisdiction over this matter until fully resolved." (ECF No. 8, 1:22-23.) However, "the mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Intern., Inc., 96 F.3d 1265, 1269 (9th Cir.

1996).  "A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent." <u>Collins v. Thompson</u>, 8 F.3d 657, 859 (9th Cir. 1993).

Further, the Status Conference scheduled for hearing on August 15, 2011, is continued to commence at 9:00 a.m. on October 31, 2011, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  August 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. <u>Cf.</u> <u>Callie v. Near</u>, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2